IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SELWYN BROWN,                    )
                                 )
                Plaintiff,       )
                                 )
          v.                     )   Civil Action No. 05-347
                                 )      JUDGE CERCONE
D.O.C.; J. BEARD; D. WILLIAMSON; )   MAGISTRATE JUDGE HAY
et al.,                          )
                                 )
                Defendants.      )


REPORT AND RECOMMENDATION

I.   RECOMMENDATION

          It is recommended that defendants' motion to dismiss
(doc. 27) be denied and that plaintiff's motion for preliminary
and permanent injunction (doc. 1)be denied.


II.  REPORT

          Plaintiff, Selwyn Brown, filed a complaint asserting
that defendants have violated his civil rights by placing him in
administrative confinement and denying him access to a newspaper
related to Brown's religious beliefs.  Named as defendants are
various Pennsylvania Department of Corrections officials and
employees who allegedly played some part in his administrative
confinement.  Plaintiff alleges that he was accused of being a
leader of and inmate group identified by their belief in the
"Nation of Gods and Earth," also known as "Five Per Centers"
(Complaint at ¶¶ 3-5).  Administrative custody was imposed due to
a charge that he "is a leader of 5% and he ordered the serious

assault of another inmate." (<u>Id</u>., ¶5).  Plaintiff alleges that
the "five percenter newspaper," although accepted by the mail
room at the prison, is being denied him by defendant Sergeant
Mitchell (<u>Id</u>., ¶8).  Plaintiff alleges that he has been denied
due process and equal protection, and also asserts that his
segregation was in retaliation for his religious beliefs.
Finally, he claims that his First Amendment rights have also been
violated by the censorship of his incoming mail.

        Defendants have filed a motion to dismiss (doc. 27) in
which they raise several arguments: (1) Five Per Centers have
been identified as a security threat in previous cases, thereby
making the decision to place Brown in administrative confinement
a legitimate exercise of the prison's authority; (2) Brown's
right to due process is limited to period reviews of his
administrative custody; (3) Brown is not entitled to compensatory
damages because he has not alleged physical injury; and (4) no
personal involvement is alleged for any defendants other than
Mallory and Mitchell.  Plaintiff has responded (doc. 32) and the
motion is ripe for disposition.

        A motion to dismiss pursuant to Rule 12(b)(6) cannot be
granted unless the court is satisfied "that no relief could be
granted under any set of facts that could be proved consistent
with the allegation."  <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73
(1984).  The issue is not whether the plaintiff will prevail at

- 2 -

the end, but whether he should be entitled to offer evidence to support his claim.  Neitzke v. Williams, 490 U.S. 319 (1989); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  The complaint must be read in the light most favorable to the plaintiff and all well-pled material allegations in the complaint must be taken as true.  Estelle v. Gamble, 429 U.S. 97 (1976).  Dismissal is proper under Rule 12(b)(6) if, as a matter of law, it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.  Hishon, 467 U.S. at 73 (1984).

Further, where a plaintiff is proceeding pro se, the standard differs slightly.  A pro se complaint, "however inartfully pleaded," is subject to more liberal review than a district court's review of pleadings prepared by lawyers.  Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).  In liberally construing a pro se plaintiff's pleadings, we will "apply the applicable law, irrespective of whether a pro se litigant has mentioned it by name."  Higgins v. Beyer, 293 F.3d 683, 687 (3d Cir.2002).  This more liberal standard of construction means that a pro se complaint may be dismissed for failure to state a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Haines, 404 U.S. at 520-21.

In this case, plaintiff Brown seeks to assert liability against the defendants pursuant to 42 U.S.C. § 1983.  To state a claim under 42 U.S.C. § 1983, a plaintiff must meet two threshold requirements.  He must allege: (1) that the alleged misconduct was committed by a person acting under color of state law; and (2) that as a result, he was deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States.  West v. Atkins, 487 U.S. 42 (1988); Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled in part on other grounds, Daniels v. Williams, 474 U.S. 327, 330-331 (1986).

Defendants first assert that Brown has not stated a claim since the group Brown belongs to is a "prison gang" and the Court of Appeals for the Third Circuit has held that leaders of such groups may properly be held by prison authorities.  In this respect, defendants rely upon Fraise v. Terhune, 283 F.3d 506 (3d Cir. 2002).  In Fraise, the Court of Appeals affirmed the district court's grant of summary judgment to prison officials against claims that a policy allowing those officials to designate "security threat groups" and transfer members of such groups to a special unit for behavior modification violated prisoners' free exercise, equal protection, and due process rights.  The group identified as a threat in Fraise was a Five Per Cent group of inmates.  Defendants argue that, since the Third Circuit upheld the grant of summary judgment in favor of

- 4 -

the New Jersey prison officials, finding the particular prison policy at issue to pass muster under the standard set forth in Turner v. Safely, 482 U.S. 78 (1987), then the claims in this case should be dismissed.  This Court disagrees.

The Fraise opinion details the evidence presented to the district court, and illustrates the fact-intensive inquiry necessitated for a ruling on the First and Fourteenth Amendment claims made there.  It may well be that facts developed in this case will, in all relevant respects, mirror those presented to the Fraise court.  At this juncture, however, there is no record upon which to make such a comparison and, hence we cannot say that it appears beyond all doubt that plaintiff can prove no set of facts in support of his claim that would entitle him to relief.  Haines, 404 U.S. at 520-21.  Defendants' motion to dismiss must, therefore, be denied.

Defendants' remaining claims are, likewise, better addressed in the context of a motion for summary judgment.  It would be premature to make any rulings on these arguments at this point in the case.

Finally, in connection with the above captioned case the plaintiff submitted a Motion for Preliminary and Permanent Injunction (doc. 1), in which he simply recites the relief sought in his Section 1983 complaint and through which he seeks to advance consideration and adjudication of his Section 1983

claims.  Inasmuch as this motion cannot properly be viewed as setting forth a claim for injunctive relief, the district court should deny the plaintiff's motion.

III. <u>CONCLUSION</u>

It is respectfully recommended that defendants' motion to dismiss (doc. 27) be denied and that the plaintiff's motion for preliminary and permanent injunction (doc. 1) be denied.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrates, the parties are allowed ten (10) days from the date of service to file objections to this report and recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto.  Failure to file timely objections may constitute a waiver of any appellate rights.

Respectfully submitted,

/s/   Amy Reynolds Hay
AMY REYNOLDS HAY
United States Magistrate Judge

Dated:    7 February, 2006.

cc:  Hon. David S. Cercone
     United States District Judge

     Selwyn Brown
     BV-5979
     SCI Greene
     175 Progress Drive
     Waynesburg, PA 15370

Kemal Alexander Mericli, Esquire
Office of the Attorney General
6th Floor, Manor Complex
564 Forbes Avenue
Pittsburgh, PA 15219