IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SELWYN BROWN, | ) |
| Plaintiff | ) |
| vs. | ) Civil Action No. 05-347 |
| D.O.C. PA., et al., | ) |
| Defendants | ) Judge David S. Cercone |
| | ) Magistrate Judge Amy Reynolds Hay |
| | ) Re: Dkt. [86] |

## MEMORANDUM ORDER

Selwyn Brown, ("Plaintiff") has filed a motion to strike the affidavits of John Moyer and John Kingston. Dkt. [86]. In this civil rights suit, Plaintiff essentially alleges he was improperly classified as a security threat and, consequently, improperly placed in Administrative Custody. John Kingston is the Security Intelligence Captain at the State Correctional Institution at Greene (SCI-Greene), a maximum security penal institution of the Pennsylvania Department of Corrections. John Moyer is a Security Lieutenant at the State Correctional Institution at Graterford (SCI-Graterford), whose duties include developing intelligence information regarding threats to prison security. They both submitted affidavits in support of the Defendants' summary judgment motion. Dkt. Nos. [64-2] (Kingston affidavit) & [64-3] (Moyer affidavit). Both of the affidavits recount information about "5 Per Centers," which is considered a Security Threat Group by the Defendants and of which Plaintiff is an avowed member. In addition, they recount Plaintiff's history of involvement with the 5 Per Centers and his criminal history. Plaintiff seeks

to strike these affidavits because he contends that they contain inadmissible hearsay and are not based upon personal knowledge.

Plaintiff first complains that the affidavits were submitted on "information and belief" and not personal knowledge.  While the affidavits do recount that their statements are made "to the best of [their] knowledge, information and belief," such is not sufficient to strike them.  See, e.g.,  10B Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Fed. Prac. & Proc. Civ. § 2738 (3d ed. 2005) (Affiant's statements sworn to be "true as therein stated to the best of his knowledge and belief" was held admissible and "clearly distinguishable from an affidavit made merely 'on information and belief.'")(citing, Mellen v. Hirsch, 8 F.R.D. 248, 249-250 (D.Md. 1948), affirmed on other grounds, 171 F.2d 127 (4th Cir. 1948)).  Alternatively, even if otherwise objectionable, the Court finds that the statements that were made in the affidavits, insofar as they relate to the history of, and potential security threat that 5 Per Centers pose to prisons, constitute, in essence, expert opinion, which is allowed to be based on research, training and belief, etc.,  and satisfies the summary judgment affidavit rules.  Id. ("Although the summary-judgment rule requires affidavits to be made on personal knowledge, 'belief' is the requisite 'knowledge' when opinion evidence is at issue, and it is up to the fact finder to determine whether opinion is to be credited and what weight is to be given opinion." (citing, Jorman v. Veterans Administration, 579 F.Supp. 1407 (N.D.Ill. 1984)).

The court will next take up Plaintiff's charge that the affidavits are objectionable hearsay.  "Hearsay is defined as 'a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.'" Nigroni v. Trump Plaza Assoc., 54 Fed.Appx. 31, 32 (3d Cir. 2002)(quoting, Fed R. Evid. 801(c)).  Insofar as the

statements in the affidavit relate to Plaintiff's personal history, criminal conviction(s)/parole violations, and his association with or role among other 5 Per Centers, the statements are not being offered for the truth of the matters asserted, i.e., that Plaintiff engaged in these activities, as much as for the state of mind of the prison officials who are indicating by these affidavits that the information recounted therein is information they were in receipt of and that they credited, i.e., they believe Plaintiff engaged in these activities and hence, this explains their determination to place Plaintiff in a higher custody status. See, e.g., 29 Am. Jur. 2d *Evidence* § 666 ("Words offered to prove the effect on the hearer are admissible when they are offered to show their effect on one whose conduct is at issue. When a person's knowledge or state of mind is at issue, evidence that he has heard or read a statement may be relevant, and it lies beyond reach of a hearsay objection. Where reasonableness of a party's conduct is at issue, knowledge of certain statements may have probative value regardless of the truth of the statements. Thus, an out-of-court statement may be offered to explain responsive conduct.") (footnotes omitted). Accord United States v. Khalil, 279 F.3d 358, 363-64 (6th Cir. 2002)("Hearsay is defined as an out-of-court statement 'offered in evidence to prove the truth of the matter asserted.' Fed.R.Evid. 801(c). The record reveals that the challenged testimony was elicited in an effort to explain the basis for the FBI's decision to pursue the investigation of the defendant, and not to prove the truth of the matter asserted-i.e., that Khalil was actually engaged in narcotics trafficking in 1997 and 1998. If properly admitted for this purpose, Agent Moran's testimony was not hearsay."). Hence, Plaintiff's argument that the affidavits are hearsay, is not persuasive because the objected-to-statements are not offered for the truth of the matter asserted but go to the state of mind of the Defendants and hence, are not hearsay.

Accordingly, Plaintiff's motion to strike is **DENIED**.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(A), and Local Rule 72.1.3, the parties are allowed ten (10) days from the date of service to file an appeal from this order to the District Court. Any opposing party shall have seven (7) days from the date of service of the appeal to respond thereto. Failure to timely file an appeal may constitute a waiver of any appellate rights.

**SO ORDERED** this 9th day of July, 2007.

/s/  *Amy Reynolds Hay*
United States Magistrate Judge

cc: Selwyn Brown
BV-5979
SCI Greene
175 Progress Drive
Waynesburg, PA 15370

Kemal Alexander Mericli, Esquire
by Notice of Electronic Filing